# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

TENNESSEE CLEAN WATER NETWORK, )
CHARLES McMILLAN, JAMES McMILLAN, )
and MICHAEL McMILLAN, )
                                  )
      Plaintiffs, )
                                  )
v. )        No. 3:09-cv-449
                                  )        (Phillips)
BABELAY FARM, LLC, CLEAR CREEK )
CONSTRUCTION, LLC, SHARP )
CONTRACTING, INC., THE LEGENDS AT )
WASHINGTON PIKE, LLC, and )
HATHAWAY CONSTRUCTION CO., INC., )
                                  )
     **Defendants.** )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Dismiss the Counterclaims filed by Defendants Babelay Farm, LLC ("Babelay"), and The Legends at Washington Pike, LLC ("Washington Pike") [Doc. 30]. On November 12, 2009, Washington Pike filed its answer to plaintiffs' complaint and asserted a counterclaim [Doc. 19 at 26]. On November 23, 2009, Babelay filed its answer to plaintiffs' complaint and asserted a counterclaim [Doc. 24 at 26].

On December 2, 2009, plaintiffs moved to dismiss the counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its counterclaim, Washington Pike requests the following:

> Pursuant to 33 U.S.C. § 1635(d), upon being named a prevailing party in the instant action, it is entitled to judgment against Plaintiffs, jointly and severally, in an amount sufficient to reimburse it for its litigation costs, such costs including, but not being limited to, its reasonable attorney and expert witness fees.

[Washington Pike's Answer and Counterclaim, Doc. 19 at 26]. Babelay has asserted an identical

counterclaim against plaintiffs [Doc. 24 at 26].

The counterclaims [Docs. 19, 24] are dismissed for two reasons. First, the statute cited by Washington Pike and Babelay, 33 U.S.C. § 1635(d), does not exist. If they intended to refer to 33 U.S.C. § 1365(d), their counterclaims are still dismissed. That section provides, in relevant part:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

33 U.S.C. § 1365(d). Section 1365(d) authorizes attorney fees for prevailing parties, but it does not provide an independent cause of action. Rather, that section only provides relief. Because Washington Pike and Babelay have failed to state a cause of action, their counterclaims are dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Accordingly, plaintiffs' Motion to Dismiss the Counterclaims [Doc. 30] is **GRANTED**, whereby the counterclaims asserted by Washington Pike [Doc. 19 at 26] and Babelay [Doc. 24 at 26] are **DISMISSED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips

United States District Judge